McCann, J.

INTRODUCTION

The plaintiff, Arbella Mutual Insurance Company (Arbella), is represented by Thomas Drechsler, Esq., Finneran, Byrne, Drechsler & O’Brien, L.L.P., Eastern Harbor Office Park, 50 Redfield Street, Boston, Massachusetts 02122. The defendants, Joseph R. Wilkman (Wilkman) and Cynthia Beaudoin (Beaudoin) are represented by Rickie T. Weiner, Esq., Law Offices of Joseph J. Cariglia, 188 Lincoln Street, Worcester, Massachusetts 01605. Arbella’s complaint is for declaratory relief under G.L.c. 231A against Joseph R. Wilkman and Cynthia Beaudoin seeking a binding declaration of the rights and liabilities of the parties under a standard Massachusetts Automobile Insurance Policy issued by Arbella to the defendant Beaudoin and against which the defendant Wilkman has made a claim for uninsured motorist benefits.'

*468
FINDINGS OF FACT

After hearing and upon all of the credible evidence, this Court makes the following findings of fact and rulings of law.
On December 2, 1996, Wilkman was a seventeen-year-old passenger in a motor vehicle owned and operated by someone other than parties to this action. That motor vehicle was struck by another motor vehicle. The operator of the motor vehicle which struck the vehicle in which Wilkman was a passenger stopped. He exited his motor vehicle. He approached the vehicle in which Wilkman was in and said that he would pull over. The operator of that other motor vehicle then got back into his vehicle and drove off. Wilkman was not able to obtain a license plate of the other vehicle. Wilkman alleges that he sustained personal injuries as a result of the hit and run accident.
Beaudoin is the mother of Wilkman. She owned a motor vehicle which at the time was insured with Arbella. The insurance policy was a standard Massachusetts Automobile Policy with uninsured policy limits of $20,000/40,000.
On December 31, 1996, Wilkman by and through his attorney, Joseph J. Cariglia (Cariglia) gave notice by letter that he represented Wilkman and was asserting a claim under Uninsured Motorist Coverage.
On January 10, 1997, Arbella notified Beaudoin, wrote a letter of reservation and indicated they would start an investigation and requested cooperation.
On May 12, 1997, Arbella wrote Beaudoin, not Wilkman, and reaffirmed its reservation of rights and also requested Beaudoin’s son contact Arbella.
On May 13, 1997, Arbella, by writing to Cariglia, requested medical reports and medical bills and PIP carrier information in regard to Wilkman.
On May 25, 1997, Arbella notified Wilkman by letter of an Independent Medical Exam (IME) on May 29, 1997 at 1:00 p.m., at 255 Park Avenue, Worcester, Massachusetts. A copy of the letter was sent to Cariglia. Wilkman did not attend that IME. Arabella notified Cariglia on May 30, 1997 of Wilkman’s failure to attend the IME.
Arrangements were made for a subsequent IME. Written notice was sent on May 30, 1997 to Wilkman of the second scheduled IME on June 19, 1997 at 2:00 p.m. at 255 Park Avenue, Worcester, Massachusetts. A copy of the notice was sent to Cariglia. Wilkman attended the IME. A report dated that same date was completed by Joseph F. DeMarco, D.C.
On October 17, 1997, Cariglia, by letter, sent copies of the medical reports and medical bills which totaled $3,255.00.
On October 29, 1997, Arbella responded to Cariglia acknowledging receipt of the October 17 letter from Cariglia, but indicating that the investigation had not been completed by Arbella. A request was made to Cariglia that he contact Arbella so that a recorded statement from Wilkman could be taken. Arbella made no direct request to Wilkman at that time.
On December 10, 1997, Cariglia responded to Arbella making a further demand under 93A and 176D. Cariglia made no reference to the request for a recorded statement.
On December 31, 1997, Arbella internally moved the investigation of Wilkman’s claim to the Special Investigative Unit. Notice was sent to Cariglia on that date reasserting a reservation of rights and indicating that it would be scheduling an examination under oath of Wilkman. No notice was sent directly to Wilkman.
On January 9, 1998, Arbella, through its Special Investigation Counsel, notified Cariglia that it was scheduling an examination under oath for January 30, 1998, at 9:30 a.m. at Arbella’s Worcester office. The notice indicated that refusal to participate in the examination under oath is a material breach of the insurance contract and may be a basis for denying a claim under the policy.
On January 27, 1998, Cariglia notified Arbella that Wilkman declined the invitation to the examination under oath.
Arbella, through its agents and employees, acknowledged that it would have been prudent on each occasion that a request had been made either for a medical examination or a statement under oath that it be made directly to Wilkman. It was not.

DISCUSSION

Wilkman did not attend the first medical examination. A second notice was sent and a copy was sent to his lawyer, Cariglia. As a result of the second notice, Wilkman, in fact, did attend an independent medical examination.
Wilkman did not attend an examination under oath. The policy requires any person seeking payment under the policy submit to an examination under oath at a place designated by Arbella within a reasonable time after Arbella is notified of the claim.
Cariglia’s office notified Arbella of the claim on December 31, 1996. One year passed from the notice of the defendant’s claim until the first time that an examination under oath was requested. Another month went by until a date was scheduled. At that time, Cariglia notified Arbella that Wilkman would not attend. Arbella’s employees acknowledged at the time of trial that it would have been more prudent to notify Wilkman directly and personally that the IME was scheduled and of the request for a statement under oath. Given the facts of this case, this Court finds there is no breach of the insurance contract.

ORDER

It is ORDERED that this matter shall proceed to arbitration forthwith. The complaint of Arbella Mutual Insurance Company is DISMISSED.